BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CHRISTOPHER R. JONES (Cal. Bar No. 343374)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7383
    Facsimile: (213) 894-0141
    E-mail:    christopher.jones4@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 25-CR-761-AB |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT MARIO CHACON |
| v. | |
| MARIO CHACON, | Hearing Date: December 3, 2025 |
| Defendant. | Hearing Time: 9:00 a.m. |
| | Location: Courtroom of the Hon. André Birotte Jr. |

    Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Christopher R. Jones, hereby files its sentencing position as to defendant MARIO CHACON.

///

///

1  This sentencing position is based upon the attached memorandum
2 of points and authorities, the files and records in this case, and
3 such further evidence and argument as the Court may permit.

4 Dated: November 19, 2025          Respectfully submitted,

5                                   BILAL A. ESSAYLI
                                    First Assistant United States
6                                   Attorney

7                                   ALEXANDER B. SCHWAB
                                    Assistant United States Attorney
8                                   Acting Chief, Criminal Division

9                                          /s/
                                    ─────────────────────────────────
                                    CHRISTOPHER R. JONES
10                                  Assistant United States Attorneys

11                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  BACKGROUND AND STATEMENT OF FACTS**

Defendant MARIO CHACON threw a water bottle at a federal officer and struck him.  Defendant pled guilty to one misdemeanor count of simple assault of a federal officer in violation of 18 U.S.C. § 111(a)(1).  (See Dkt. 28 ("Plea Agreement").)

Specifically, on or about August 15, 2025, as federal officers were arresting another person, defendant was riding a scooter northbound on Alameda Street outside the Roybal Federal Building and U.S. Courthouse located at 255 East Temple Street, Los Angeles, CA 90012.  (Plea Agreement ¶ 9.)  After seeing the officers, defendant made a U-turn, and, driving against traffic, stopped in the middle of Alameda Street. (Id.)  Defendant then pulled a water bottle from his pocket and threw it in the direction of the officers. (Id.)  The water bottle struck Federal Protective Service Officer Z.C. on the head and helmet area. (Id.)  After throwing the water bottle, defendant immediately fled on his scooter.  (Id.)

Defendant was arrested shortly after midnight on August 16, 2025.  Defendant was ordered detained pending trial, and thus has served shortly over three months in custody. (Dkt. 24.)

The plea agreement contains agreements regarding the sentencing recommendations of the parties.  The parties agreed to a total offense level of 11.  (Plea Agreement ¶ 11.)  The parties also agreed that defendant has a criminal history category of II and, as a result, the Guidelines range would be 10-16 months' imprisonment. (Id.)  Further, the government also agreed, at the time of sentencing, to recommend a sentence of time served followed by a one-year period of supervised release.  (Id. ¶ 13.)

**II. ARGUMENT**

The government respectfully recommends a sentence of time served, as the government agreed to do in the plea agreement, followed by one year of supervised release. This sentence is sufficient but not greater than necessary in light of 18 U.S.C. § 3553(a)(2).

The nature and circumstances of the offense indicate that a credit for time served sentence is appropriate. Defendant did throw a water bottle at a federal officer. But a water bottle is not an inherently dangerous object, and it did not cause an injury.

As to history and characteristics, defendant does have a criminal record, which supports a custodial sentence of time served.

Further, a custodial sentence of time served is sufficient but not greater than necessary to ensure specific and general deterrence for the charged conduct.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to time served, followed by a one-year term of supervised release, and the mandatory special assessment of $25. The government's recommendation for a downward variance, consistent with the plea agreement, reflects the aggravating and mitigating factors in this case. In light of the circumstances of this case, the recommended sentence is sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).